IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERAGE DISPENSING SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br> vs.<br><br>PEPSICO, INC.,<br><br>    Defendant. | )<br>)<br>)<br>) Civil No. 1:15-cv-09889-KBF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT PEPSICO, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant PepsiCo, Inc. ("PepsiCo"), by its attorneys, responds to the Complaint of Plaintiff Beverage Dispensing Solutions, LLC as follows:

**THE PARTIES AND JURISDICTION**

1. PepsiCo lacks sufficient knowledge to respond to the allegations set forth in Paragraph 1, and on that basis denies those allegations.

2. PepsiCo admits the allegations set forth in Paragraph 2.

**JURISDICTION AND VENUE**

3. PepsiCo admits that the Complaint purports to state claims for patent infringement. PepsiCo admits that the Court has subject matter jurisdiction over this action.

4. PepsiCo admits that the venue is proper in this District. To the extent not expressly admitted, PepsiCo denies the allegations set forth in paragraph 4.

5. PepsiCo admits that the Court has personal jurisdiction over it. To the extent not expressly admitted, PepsiCo denies the allegations set forth in paragraph 5.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 9,090,446)

6. PepsiCo restates and incorporates by reference paragraphs 1-5 herein by reference.

7. PepsiCo admits that the Complaint purports to allege causes of action arising under the patent laws of the United States. PepsiCo denies the merits of those allegations.

8. PepsiCo is without sufficient information to respond to the allegations of paragraph 8, and on that basis denies those allegations.

9. PepsiCo denies the allegations set forth in paragraph 9.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

10. PepsiCo denies the allegations set forth in paragraph 10.

11. PepsiCo denies the allegations set forth in paragraph 11.

12. PepsiCo denies the allegations set forth in paragraph 12.

## INDIRECT INFRINGEMENT (INDUCEMENT—35 U.S.C. § 271(b))

13. PepsiCo denies the allegations set forth in paragraph 13.

14. PepsiCo admits that it had knowledge of the '446 patent at least by September 1, 2015. To the extent not expressly admitted, PepsiCo denies the allegations set forth in paragraph 14.

15. PepsiCo denies the allegations set forth in paragraph 15.

16. PepsiCo admits that it has not provided Plaintiff with any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '446 patent, but denies any obligation to implement a design around or other remedial action. PepsiCo denies the remaining allegations set forth in paragraph 16.

**INDIRECT INFRINGEMENT (CONTRIBUTORY—35 U.S.C. § 271(c))**

17. PepsiCo denies the allegations set forth in paragraph 17.

18. PepsiCo admits that it had knowledge of the '446 patent at least as early as the filing of the Complaint. To the extent not expressly admitted, PepsiCo denies the allegations set forth in paragraph 18.

19. PepsiCo denies the allegations set forth in paragraph 19.

20. PepsiCo denies the allegations set forth in paragraph 20.

**COUNT II**

**(INFRINGEMENT OF U.S. PATENT NO. 9,090,447)**

21. PepsiCo restates and incorporates paragraphs 1 through 20 herein by reference.

22. PepsiCo admits that the Complaint purports to allege causes of action arising under the patent laws of the United States. PepsiCo denies the merits of those allegations.

23. PepsiCo is without sufficient information to respond to the allegations set forth in paragraph 23, and on that basis denies those allegations.

24. PepsiCo denies the allegations set forth in paragraph 24.

**DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

25. PepsiCo denies the allegations set forth in paragraph 25.

26. PepsiCo denies the allegations set forth in paragraph 26.

27. PepsiCo denies the allegations set forth in paragraph 27.

**INDIRECT INFRINGEMENT (INDUCEMENT—35 U.S.C. § 271(b))**

28. PepsiCo denies the allegations set forth in paragraph 28.

29. PepsiCo admits that it had knowledge of the '447 patent at least as of September 1, 2015. To the extent not expressly admitted, PepsiCo denies the allegations set forth in paragraph 29.

30. PepsiCo denies the allegations set forth in paragraph 30.

31. PepsiCo admits that it has not provided Plaintiff with any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '447 patent, but denies any obligation to implement a design around or other remedial action. PepsiCo denies the allegations set forth in paragraph 31.

## INDIRECT INFRINGEMENT (CONTRIBUTORY—35 U.S.C. § 271(c))

32. PepsiCo denies the allegations set forth in paragraph 32.

33. PepsiCo admits that it had knowledge of the '447 patent at least as early as the filing of the Complaint. To the extent not expressly admitted, PepsiCo denies the allegations of paragraph 33.

34. PepsiCo denies the allegations set forth in paragraph 34.

35. PepsiCo denies the allegations set forth in paragraph 35.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 9,090,449)

36. PepsiCo incorporates paragraphs 1 through 35 herein by reference.

37. PepsiCo admits that the Complaint purports to allege causes of action arising under the patent laws of the United States. PepsiCo denies the merits of those allegations.

38. PepsiCo is without sufficient information to respond to the allegations set forth in paragraph 38, and on that basis denies those allegations.

39. PepsiCo denies the allegations set forth in paragraph 39.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

40. PepsiCo denies the allegations set forth in paragraph 40.

41. PepsiCo denies the allegations set forth in paragraph 41.

42. PepsiCo denies the allegations set forth in paragraph 42.

### INDIRECT INFRINGEMENT (INDUCEMENT—35 U.S.C. § 271(b))

43. PepsiCo denies the allegations set forth in paragraph 43.

44. PepsiCo admits that it had knowledge of the '449 patent at least as of September 1, 2015. To the extent not expressly admitted, PepsiCo denies the allegations set forth in paragraph 44.

45. PepsiCo denies the allegations set forth in paragraph 45.

46. PepsiCo admits that it has not provided Plaintiff with any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '449 patent, but denies any obligation to implement a design around or other remedial action. PepsiCo denies the remaining allegations set forth in paragraph 46.

### INDIRECT INFRINGEMENT (CONTRIBUTORY—35 U.S.C. § 271(c))

47. PepsiCo denies the allegations set forth in paragraph 47.

48. PepsiCo admits that it had knowledge of the '449 patent at least as early as the filing of the Complaint. To the extent not expressly admitted, PepsiCo denies the allegations of paragraph 48.

49. PepsiCo denies the allegations set forth in paragraph 49.

50. PepsiCo denies the allegations set forth in paragraph 50.

## COUNT IV

## WILLFUL INFRINGEMENT

51. PepsiCo incorporates paragraphs 1 through 50 herein by reference.

52. PepsiCo admits that it was aware of the '446 patent, '447 patent, and '449 patent prior to the filing of this action. PepsiCo denies the remaining allegations set forth in paragraph 52.

53. PepsiCo admits that prior to September 1, 2015, Plaintiff provided claim charts purporting to show that PepsiCo infringed the '446 patent, the '447 patent, and the '449 patent, but PepsiCo denies any infringement.

54. PepsiCo admits that it was aware of the '446 patent, '447 patent, and '449 patent at least as early as September 1, 2015.

55. PepsiCo denies that it had an obligation to license the patents-in-suit or obtain other permission to use the inventions claimed in the patents-in-suit, and therefore denies the allegations set forth in paragraph 55.

56. PepsiCo denies the allegations set forth in paragraph 56.

## JURY DEMAND

PepsiCo requests a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues so triable.

## PRAYER FOR RELIEF

PepsiCo denies that Plaintiff is entitled to any of the requested relief and denies all allegations in its prayer for relief.

## AFFIRMATIVE DEFENSES

PepsiCo alleges and asserts the following defenses, affirmative defenses or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses set out below, and subject to its responses above, PepsiCo specifically

reserves all rights to assert additional defenses, affirmative or otherwise, that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### Non-Infringement

PepsiCo does not infringe and has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, any valid, enforceable claim of the patents-in-suit.

## SECOND AFFIRMATIVE DEFENSE
### Invalidity

The asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 101 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### Lack of Standing and Failure To Join an Indispensable Party

Plaintiff has not established standing to assert the '446, '447, or '449 patents and has failed to join an indispensable party.

## FOURTH AFFIRMATIVE DEFENSE
### Estoppel

Plaintiff is barred from relief, in whole or in part, under the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### Prosecution Laches

Plaintiff is barred from relief, in whole or in part, under the doctrine of prosecution laches.

## SIXTH AFFIRMATIVE DEFENSE
### No Injunctive Relief

To the extent that at any point in these proceedings Plaintiff makes a demand for a preliminary or permanent injunction, Plaintiff is not entitled to any injunctive relief, as it has, at a minimum, an adequate remedy at law and no irreparable injury.

## SEVENTH AFFIRMATIVE DEFENSE
### Mitigation of Damages

Plaintiff is barred from relief, in whole or in part, by its failure to mitigate damages, if any, with respect to its infringement allegations against PepsiCo.

## EIGHTH AFFIRMATIVE DEFENSE
### Lack of Intent

PepsiCo is not liable for acts alleged to have been taken by PepsiCo before the company received notice of the patents and that its actions would cause alleged infringement, either by directly, or contributing to, or inducing such infringement. Further, PepsiCo lacks any specific intent to infringe any claims of the '446 patent, '447 patent and/or the '449 patent, thus barring claims of indirect infringement.

## NINTH AFFIRMATIVE DEFENSE
### Double Patenting

Plaintiff is barred from relief from the judicially created doctrine of double patenting.

## COUNTERCLAIMS

Counter-plaintiff PepsiCo asserts the following counterclaims against Plaintiff:

## THE PARTIES, JURISDICTION, AND VENUE

1. PepsiCo is a corporation organized under the laws of North Carolina, with its headquarters located in Purchase, New York.

2. Upon information and belief, Plaintiff is an Illinois limited liability company with its principal place of business located at 8616 Turtle Creek Blvd., Suite 521, Dallas, Texas 75225.

3. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* Therefore, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. This Court has personal jurisdiction over Plaintiff by virtue of its having brought affirmative suit in this Court.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATORY RELIEF REGARDING INVALIDITY OF THE '446 PATENT

6. PepsiCo incorporates by reference the allegations in paragraphs 1-5 of its Counterclaims.

7. Plaintiff has asserted the '446 patent against PepsiCo, alleging infringement of one or more of the claims of the '446 patent.

8. One or more claims of the '446 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

9. There is an actual, substantial, continuing, justiciable controversy between PepsiCo and Plaintiff having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning the validity of the '446 patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, PepsiCo requests a declaration from the Court that one or more claims of the '446 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

## COUNT II
## DECLARATORY RELIEF REGARDING INFRINGEMENT OF THE '446 PATENT

11. PepsiCo incorporates by reference the allegations in paragraphs 1-10 of its Counterclaims.

12. Plaintiff has asserted the '446 patent against PepsiCo, alleging infringement of one or more of the claims of the '446 patent.

13. PepsiCo has neither infringed nor contributed to or induced infringement of any claim of the '446 patent, either literally or under the doctrine of equivalents.

14. There is an actual, substantial, continuing, justiciable controversy between PepsiCo and Plaintiff having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the '446 Patent.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, PepsiCo requests a declaration from the Court that PepsiCo has neither infringed nor contributed to or induced infringement of any claim of the '446 patent, either literally or under the doctrine of equivalents.

## COUNT III
## DECLARATORY RELIEF REGARDING INVALIDITY OF THE '447 PATENT

16. PepsiCo incorporates by reference the allegations in paragraphs 1-15 of its Counterclaims.

17. Plaintiff has asserted the '447 patent against PepsiCo, alleging infringement of one or more of the claims of the '447 patent.

18. One or more claims of the '447 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

19. There is an actual, substantial, continuing, justiciable controversy between PepsiCo and Plaintiff having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning the validity of the '447 patent.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, PepsiCo requests a declaration from the Court that one or more claims of the '447 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

## COUNT IV
## DECLARATORY RELIEF REGARDING INFRINGEMENT OF THE '447 PATENT

21. PepsiCo incorporates by reference the allegations in paragraphs 1-20 of its Counterclaims.

22. Plaintiff has asserted the '447 patent against PepsiCo, alleging infringement of one or more of the claims of the '447 patent.

23. PepsiCo has neither infringed nor contributed to or induced infringement of any claim of the '447 patent, either literally or under the doctrine of equivalents.

24. There is an actual, substantial, continuing, justiciable controversy between PepsiCo and Plaintiff having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the '447 Patent.

25. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, PepsiCo requests a declaration from the Court that PepsiCo has neither infringed nor contributed to or induced infringement of any claim of the '447 patent, either literally or under the doctrine of equivalents.

**COUNT V**
**DECLARATORY RELIEF REGARDING INVALIDITY OF THE '449 PATENT**

26. PepsiCo incorporates by reference the allegations in paragraphs 1-25 of its Counterclaims.

27. Plaintiff has asserted the '449 patent against PepsiCo, alleging infringement of one or more of the claims of the '449 patent.

28. One or more claims of the '449 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

29. There is an actual, substantial, continuing, justiciable controversy between PepsiCo and Plaintiff having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning the validity of the '449 patent.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, PepsiCo requests a declaration from the Court that one or more claims of the '449 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States,

35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

## COUNT VI
## DECLARATORY RELIEF REGARDING INFRINGEMENT OF THE '449 PATENT

31.     PepsiCo incorporates by reference the allegations in paragraphs 1-30 of its counterclaims.

32.     Plaintiff has asserted the '449 patent against PepsiCo, alleging infringement of one or more of the claims of the '449 patent.

33.     PepsiCo has neither infringed nor contributed to or induced infringement of any claim of the '449 patent, either literally or under the doctrine of equivalents.

34.     There is an actual, substantial, continuing, justiciable controversy between PepsiCo and Plaintiff having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the '449 Patent.

35.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, PepsiCo requests a declaration from the Court that PepsiCo has neither infringed nor contributed to or induced infringement of any claim of the '449 patent, either literally or under the doctrine of equivalents.

## EXCEPTIONAL CASE

This is an exceptional case under 35 U.S.C. § 285 and as such, PepsiCo is entitled to recover from Plaintiff its reasonable attorneys' fees, expenses, and costs in connection with this action.

## DEMAND FOR JURY TRIAL

PepsiCo hereby demands a jury trial for all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, PepsiCo respectfully requests that this Court:

A.Dismiss Plaintiff's Complaint with prejudice and deny each request for relief set forth therein;

B.Enter judgment that each claim of the '446, '447, and '449 patents is declared invalid;

C.Enter judgment that PepsiCo has not directly or indirectly infringed any claim of the '446 patent, '447 patent, or '449 patent either literally or under the doctrine of equivalents;

D.Enjoin Plaintiff and its officers, directors, agents, employees, representatives, counsel, and all other persons in active concert or participation with any of them, directly or indirectly, from charging infringement of or instituting any action for infringement of the '446 patent, '447 patent, and '449 patent against PepsiCo or any of its customers;

E.Declare that this is an exceptional case under 35 U.S.C. § 285, and award PepsiCo its reasonable attorneys' fees, expenses, and costs in defending its claims; and

F.Award such other further relief that this Court deems just and proper.

**PEPSICO, INC.,**

Dated: March 07, 2016By its attorneys,

/s/ Jennifer Sklenar
Jennifer Sklenar, Attorney No. 2682060
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4000 (Phone)
(213) 243-4199 (Facsimile)
Jennifer.sklenar@aporter.com

## CERTIFICATE OF SERVICE

   I certify that, on the above date, this document was filed through the ECF system and thereupon sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

               */s/* Jennifer Sklenar
               Jennifer Sklenar